UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHEIM AND READ, LLC and JERRY
GOROVOY, ALAIN BOURGEOIS, and
JEAN-LOUIS BOURGEOIS, AS THE
TRUSTEES AND ON BEHALF OF THE
LOUISE BOURGEOIS REVOCABLE
LIVING TRUST,

                    Petitioners,

             v.

FAURSCHOU PROJECTS APS,

                    Respondent.

No. 21-CV-6540 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Petitioners Cheim and Read LLC ("C&R"), along with Jerry Gorovoy, Alain Bourgeois, and Jean-Louis Bourgeois, as the Trustees of and on behalf of the Louise Bourgeois Revocable Living Trust (collectively, the "Trust," and together with C&R, the "Petitioners") seek confirmation of an arbitration award against Respondent Faurschou Projects ApS ("FP") under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, and the United Nations Convention on Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), 21 U.S.T. 2517, *codified at* 9 U.S.C. § 201 *et seq.*  Respondent did not oppose the petition.  For the reasons set forth below, the petition is granted.

## BACKGROUND[1]

Petitioner C&R is an art gallery in New York City.  Pet. ¶ 1.  Respondent FP is a Copenhagen-based art dealer.  *Id.* ¶ 6.  In October 2018, C&R and FP entered into a contract pursuant to which FP agreed to locate a potential buyer for Crouching Spider, a well-known

---

[1] The Court draws the following facts from the petition and the exhibits thereto.

sculpture by the artist Louise Bourgeois, and introduce that buyer to C&R (the "Agreement").  *Id.* ¶ 10; Gu Decl. Ex. 2.   At the time, Crouching Spider was owned by the Louise Bourgeois Revocable Trust.  *Id.*  The Trust did not know about, and was not a party to, the Agreement.  *Id.*

In October 2018, FP provided the name of a potential buyer to C&R, and C&R in turn forwarded the information to the Trust.[2]  *Id.* ¶ 12.   The Trust, however, had long known of the buyer's interest in purchasing Crouching Spider and had already rejected the buyer's prior offers.  *Id.* ¶ 13.  It once again declined to sell Crouching Spider to the buyer.  *Id.*  In April 2019, a trustee of the Trust agreed to meet with the buyer in person for the first time.  *Id.* ¶ 14.  This meeting was arranged by a third-party gallery, with no involvement on the part of C&R or FP.  *Id.*  After the meeting, the Trust changed its mind and decided to sell Crouching Spider to the buyer through the third-party gallery.  *Id.* ¶ 15.  Neither C&R nor FP played any role in this sale.  *Id.* ¶ 16.

In February 2020, FP commenced an arbitration proceeding against C&R and the Trust pursuant to the dispute resolution process clause of the Agreement.  *Id.* ¶ 17.  FP asserted contractual, fraud, and equitable claims against C&R and the Trust and claimed that it was entitled to $1.8 million in compensatory damages—equivalent to the commission it alleges it should have received for facilitating the sale of Crouching Spider to the buyer.  *Id.* ¶ 18.  The Honorable Theodore H. Katz was appointed as the arbitrator for the dispute.  *Id.* ¶ 19.  The parties engaged in extensive discovery and exchanged over 3000 pages of documents.  *Id.* ¶ 21.  In December 2020, Judge Katz held a four-day hearing, during which four fact witnesses and two expert witnesses were examined.  *Id.* ¶ 23.  The parties submitted both pre-hearing and post-hearing memoranda of law.  *Id.* ¶¶ 22, 24.  In June 2021, Judge Katz issued a 62-page decision, finding in favor of

---

[2] The buyer's name is redacted in the materials submitted in support of this petition.

Petitioners and awarding them $935,983.25 ($617,158.76 to C&R and $318,824.49 to the Trust) in attorneys' fees and expenses, as the prevailing parties (the "Award"). *Id.* ¶¶ 26-27; Gu Decl. Ex. 1.

On August 3, 2021, Petitioners filed this petition, seeking an order confirming the Award and entering judgment against Respondent in the amount of $935,983.25. According to a certificate of service filed by Petitioners' counsel, Respondent was personally served with the petition on October 29, 2021. *See* Dkt. 17. The Court directed Respondent to file any opposition by December 22, 2021. That order was served on Respondent via both email and personal service. *See* Dkt. 19. Respondent has not opposed the petition.

## LEGAL STANDARD[3]

"Because arbitration awards are not self-enforcing, they must be given force and effect by being converted to judicial orders by courts." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006). Confirming an arbitration award is generally no more than "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, 776 F.3d 126, 132 (2d Cir. 2015).

The instant petition is governed by the FAA and the New York Convention, which applies to "agreements that are commercial and . . . not entirely between citizens of the United States," such as the contract here. *Republic of Ecuador v. Chevron Corp.*, 638 F.3d 384, 391 (2d Cir. 2011). "The FAA and the New York Convention work in tandem, and they have overlapping coverage to the extent that they do not conflict." *Scandinavian Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2012). "The [FAA] implements the New York

---

[3] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

Convention and brings with it a national policy favoring arbitration of claims that parties contract to settle in that manner*.*" *Republic of Ecuador*, 638 F.3d at 391.  Under the New York Convention, any party to the arbitration may apply for a court order confirming the award, which the court "shall confirm . . . unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award" under the Convention.  9 U.S.C. § 207; *see also* 9 U.S.C. § 9 ("The court must grant such an order unless the award is vacated, modified, or corrected.").  "The burden of proof necessary to avoid confirmation of an arbitration award is very high," and the award should be enforced "as long as there is a barely colorable justification for the outcome reached." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 103-04 (2d Cir. 2013).

An unanswered petition to confirm an arbitration award is treated as an unopposed motion for summary judgment.  *See D.H. Blair & Co.*, 462 F.3d at 109-10.  Summary judgment is appropriate where the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

## DISCUSSION

Petitioners argue that they are entitled to confirmation of the Award.  Because there is no material issue of fact in dispute to preclude enforcement of the Award, the Court agrees.

First, Petitioners have presented undisputed evidence that arbitration was appropriate in this case.  In relevant part, the Agreement provides:

> [I]n the unlikely event of a dispute between the parties, the parties agree that any and all disputes, claims or controversies arising out of or relating to this Agreement shall be confidentially submitted to Judicial Arbitration and Mediation Services, Inc. ("JAMS") or its successor, for mediation, and if the matter is not resolved through mediation, then it shall be submitted to JAMS, or its successor, for final and binding arbitration in New York City pursuant to its Streamlined Arbitration rules and Procedures.

4

Gu Decl. Ex. 2 at 3.  The underlying action was a breach of contract case brought by FP, who claimed that it was entitled to a $1.8 million commission under the terms of the Agreement for the sale of Crouching Spider.  Because such a dispute is plainly one "arising out of or relating to" the Agreement, it falls within the scope of the Agreement's arbitration provision.

Second, there is no dispute that the arbitrator acted within the scope of his authority.  The Agreement provides that the arbitrator "shall, in the award, allocate all or part of the costs of arbitration, including the fees of the arbitrator and reasonable attorneys' fees of the prevailing party to the non-prevailing party."  Gu Decl. Ex. 2 at 3.  Petitioners have thus presented undisputed evidence, including the Agreement and the Award itself, that the arbitrator's remedy was appropriate under the terms of the Agreement.

Third, Petitioners have submitted evidence demonstrating that Respondent participated in the arbitration proceeding and was given a full and fair opportunity to present arguments and defenses.  The arbitration process lasted over a year, during which time the parties engaged in extensive discovery and submitted both pre- and post-hearing memoranda of law.  The arbitration hearing itself took place across four days and involved the examination of four fact witnesses and two expert witnesses.  And the process culminated in a 62-page opinion issued by Judge Katz, who thoroughly and thoughtfully detailed his factual findings and laid out his legal reasoning.  In short, there is more than a "barely colorable justification for the outcome reached." *Kolel Beth Yechiel Mechil of Tartikov, Inc.*, 729 F.3d at 103-04.

The evidence submitted by Petitioners satisfies their burden of demonstrating entitlement to judgment as a matter of law.  *See D.H. Blair*, 462 F.3d at 110.  Accordingly, the Court confirms the Award in favor of Petitioners.

5

## CONCLUSION

For the foregoing reasons, the petition to confirm the arbitration award is granted.  No later than May 27, 2022, Petitioners shall submit a proposed judgment consistent with this decision.  If Petitioners are still seeking interest on the arbitration award and attorneys' fees and costs for enforcing the award, they shall include supporting documentation for their request.  If Respondent objects to the proposed judgment, it shall file a letter explaining its position no later than June 3, 2022.

SO ORDERED.

Dated:     May 18, 2022
           New York, New York

_____
Ronnie Abrams
United States District Judge